## SIEGEL v. CITY OF NEW ORLEANS.

(Circuit Court of Appeals, Fifth Circuit. May 11, 1897.)

### No. 568.

MUNICIPAL CORPORATIONS—INDEBTEDNESS — APPLICATION OF SURPLUS REVENUES.

The Louisiana statute declaring that the revenues of municipalities for each year shall be devoted to the expenditures of that year, provided "that any surplus of said revenues may be applied to the payment of the indebtedness of former years" (Act No. 30 of 1877, § 3), is merely permissive as to the surplus, and does not constitute it a trust fund to pay the debts of former years. Therefore a creditor having judgments payable out of the revenues of particular years, "with full benefit of the provisions of section 3 of Act No. 30 of 1877," has no right to have the surplus of subsequent years administered for his benefit. U. S. v. Thoman, 15 Sup. Ct. 378, 156 U. S. 353, followed.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a suit in equity by Henry Siegel, a citizen of the German empire, against the city of New Orleans, to obtain an accounting of the revenues of the city alleged to be applicable to the payment of some 17 judgments theretofore obtained by the complainant against the city. These judgments aggregated $74,262.17, and by their terms were made payable out of the revenues of particular years, extending from 1879 to 1887. Three of these judgments declared that they should be payable out of the revenues of the year 1882, and contained the additional clause, "provided that any surplus of the revenues of any subsequent year may be applied to the payment of the

debts of the year 1882, according to section 3 of Act No. 30 of 1877." The remaining 14 judgments, after providing that they should be paid out of the revenues of the years named in them, respectively, added, "with the full benefit of the provisions of section 3 of Act No. 30 of 1877." Act No. 30 of the Acts of Louisiana for 1877 declared that all the revenues of the parishes and municipalities of each year should be devoted to the expenditures of that year, provided "that any surplus of said revenues may be applied to the payment of the indebtedness of former years." The bill of complaint contained, among others, the following averments: "Your orator avers that said illegal diversion of the trust funds during the above-mentioned years amounts to the sum of thirty-nine thousand six hundred and forty dollars and twenty-two cents; and he now annexes an exhibit of the disbursement of said fund, giving the date, amount, and numbers of the ordinances making said illegal disbursements to the prejudice of the rights of your orator. Your orator further avers that the said sum of thirty-nine thousand six hundred and forty and $2/100$ dollars should be accounted for by said city, and be made subject to your orator's claims. Your orator further charges that all the interest which had accumulated on the various taxes for said years formed a part of the revenues, and that the dedication of the principal to the payment of the claims due by the city of New Orleans for the various years carries with it the dedication of the interest, and that, furthermore, the various claims created by said city against the funds of said years was in the shape of contracts, protected by the constitution of the United States from being impaired; that, in violation of the rights of your orator and the other creditors of said funds, the city of New Orleans diverted a large part of the interest received by her, and remitted, without consideration, a considerable part thereof; that your orator is unable to furnish at the present time an exact statement of the interest diverted and remitted, but avers that the sum amounted to considerably more than thirty thousand dollars, which the said city should be compelled to account for." In the court below a demurrer to the bill was sustained, and the bill dismissed. From this decree the complainant has appealed.

H. L. Lazarus and Chas. Louque, for appellant.

W. B. Sommerville, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. The supreme court, in U. S. v. Thoman, 156 U. S. 353, 15 Sup. Ct. 378, in construing the judgments obtained by the complainant against the city of New Orleans, which contain the provision that the respective amounts were payable out of the revenue of particular years, with full benefit of the provisions of section 3, Act No. 30 of 1877, held that the complainant took nothing therefrom in regard to the revenues of subsequent years further than the city was willing to give. Therefore the surplus of the revenues subsequent to any particular year named in the judgments constitutes no trust fund which the complainant has the right to have administered. As to the diversion of revenues of any particular year (from the revenues of which the complainant's judgments were payable): If the bill contained specific allegations as to diversions for those years (which we understand to be 1879, 1880, 1881, and 1882), or either of them, the complainant might have a right to an accounting, and to such relief as an accounting would show the complainant entitled, but nothing further. Such allegations, however, are wanting; and to the bill, considered as one for an accounting and a receiver, the demurrer was properly sustained. The decree appealed from is affirmed.